# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 15-06320-VBF(AS) | Date | August 26, 2015 |
| Title | Carl Bennett, Petitioner, v. Conrad Graber, Warden, Respondent | | |

Present: The Honorable  Alka Sagar, United States Magistrate Judge

| Alma Felix | Not Recorded |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| **Attorneys Present for Plaintiff:** | **Attorneys Present for Defendant:** |
|---|---|
| N/A | N/A |

**Proceedings:**          (IN CHAMBERS) ORDER TO SHOW CAUSE

　　　On August 19, 2015, Carl Bennett ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody ("Petition"), pursuant to 28 U.S.C. § 2241 (Docket Entry No. 1). Petitioner, who is confined in the Central District of California, challenges the validity of his conviction for felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) and § 924(e) (the Armed Career Criminal Act), and the 220-month sentence imposed for that conviction by the United States District Court for the Southern District of Georgia. (Pet. 2-3).

　　　A federal prisoner who contends that his or her conviction or sentence is subject to collateral attack "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. "Generally, motions to contest the legality of a sentence must be filed under § 2255, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000) (citations and footnote omitted). A prisoner generally may not substitute a habeas petition under 28 U.S.C. § 2241 for a § 2255 motion.

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255; see Stephens v. Herrera, 464 F.3d 895, 897-99 (9th Cir. 2006); Hernandez, 204 F.3d at 864.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-06320-VBF(AS) | Date | August 26, 2015 |
|---|---|---|---|
| Title | Carl Bennett, Petitioner, v. Conrad Graber, Warden, Respondent | | |

"Under the savings clause of § 2255, however, a federal prisoner may file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" Hernandez, 204 F.3d at 864-65; see also Stephens, 464 F.3d at 897. This "savings clause" exception to § 2255 exclusivity is a "narrow" exception. Ivy v. Pontesso, 328 F.3d 1057, 1059-60 (9th Cir. 2003); Mere lack of success in the sentencing court does not make the § 2255 remedy "inadequate or ineffective." Boyden v. United States, 463 F.2d 229, 230 (9th Cir. 1972). If the rule were otherwise, every disappointed prisoner/movant incarcerated in a district different from the sentencing district could pursue a repetitive § 2241 petition in the district of incarceration.

Similarly, neither the enforcement of the statute of limitations nor the enforcement of restrictions on successive § 2255 motions renders the § 2255 remedy "inadequate or ineffective" within the meaning of the statute. See United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (the possibility that a § 2255 remedy, once available, now may be barred by the applicable statute of limitations does not render the § 2255 remedy "inadequate or ineffective"); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999)(dismissal of a § 2255 motion as successive does not render the § 2255 remedy "inadequate or ineffective"). The savings clause does apply, however, when a petitioner demonstrates both "actual innocence" and the lack of an "unobstructed procedural shot" at presenting the petitioner's claims. See Harrison v. Ollison, 519 F.3d 952, 959 (9th Cir. 2008); Stephens, 464 F.3d at 898. In order to "establish actual innocence, [P]etitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 623 (1998)(citation and quotations omitted); see Stephens, 464 F.3d at 898. "[T]he issue is 'factual innocence, not mere legal insufficiency.'" Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir. 2000) (quoting Bousley, 523 U.S. at 623).

A review of the Petition reveals that Petitioner's arguments are confined to the legality of his detention, specifically, a challenge to his conviction and the sentence he received. Petitioner makes no mention of the manner, location or conditions relating to the execution of his sentence, nor does he claim that his remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." Stephens, 464 F.3d at 894. Thus, Petitioner may only proceed with the instant federal petition under § 2241 if he can make a claim of actual innocence and establish that he has not had an unobstructed shot at presenting that claim under the savings clause in 28 U.S.C. § 2255. However, Petitioner has failed to make a claim of actual innocence. Although he alleges that "the weapon was not determined to be actually owned by the Petitioner," he acknowledges that "it was found in the vehicle that Petitioner was riding in at the time of the stop." (Pet. 3). Accordingly, Petitioner fails to make a claim of actual innocence and he must therefore raise his claims in a motion filed pursuant to 18 U.S.C. § 2255. See United States v. Peterman, 249 F.3d 458, 462 (6th Cir. 2001) (savings clause inapplicable where defendants did "not argue innocence, but instead challenge[d] their sentences"); Frank v. Banks, 2011 WL 3477096, at *3-5 (C.D. Cal. July 15, 2011), adopted, 2011 WL 3476602 (C.D. Cal. Aug. 9, 2011) (agreeing with "every circuit" to have addressed the issue that the savings clause "requires a claim of actual innocence directed to the underlying conviction, not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-06320-VBF(AS) | Date | August 26, 2015 |
|---|---|---|---|
| Title | Carl Bennett, Petitioner, v. Conrad Graber, Warden, Respondent | | |

merely the sentence").

Because the savings clause requires a Petitioner to satisfy both his actual innocence and that he lacked an "unobstructed procedural shot" at presenting his claims, See Harrison, 519 F.3d at 959, and because Petitioner has not established actual innocence, the Court need not examine whether he lacked an unobstructed procedural shot to pursue the claims presented in his Petition. Id. Accordingly, the claims raised in the instant Petition may only proceed pursuant to § 2255 and the only court with jurisdiction over this action is the United States District Court for the Southern District of Georgia, the sentencing court.

Accordingly, Petitioner is ORDERED TO SHOW CAUSE no later than **September 28, 2015** why this action can proceed under § 2241 or why, in the alternative, it should not be transferred to the United States District Court for the Southern District of Georgia.

**Petitioner is explicitly cautioned that failure to timely file a Response or otherwise respond to this Order may result in a recommendation that this action be dismissed with prejudice for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

**IT IS SO ORDERED.**

|  | 0 | : | 00 |
|---|---|---|---|
|  | Initials of Preparer | | AF |